United States District Court
for the District of New Hampshire

BEST MANAGEMENT PRODUCTS, INC., )
                                                )
    Plaintiff,                         )
                                                )
v.                                                 ) Civil Action No. 1:07-cv-151-JL
                                                )
NEW ENGLAND FIBERGLASS, L.L.C. )
and MARK RICHARDSON,             )
                                                )
    Defendants.                     )
                                                )

## STIPULATED PROTECTIVE ORDER

**WHEREAS,** discovery in the above entitled action will involve the production of information which the producing parties claim to be confidential or proprietary information;

**IT IS HEREBY STIPULATED AND AGREED:**

1. All documents or information produced by any party in any hearings or discovery proceedings in the above-entitled action that are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be subject to the terms of this Protective Order (the "Order") and shall be used only for the purposes of prosecution or defense of the above-entitled action and any related appeals or related post-judgment proceedings and not for any business or other purpose.

2. Any party producing information (whether by document, by deposition testimony, by interrogatory answer, or otherwise) at any hearing or in the course of discovery herein which relates to confidential technical, commercial, business, personal or financial information may designate such information "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

{P0181178.1}

3. Documents (and the contents thereof) and other information designated "CONFIDENTIAL" may be disclosed only to:

(a) attorneys representing the parties, and their paralegal and clerical assistants;

(b) persons retained by the attorneys for a party as independent consultants and/or expert witnesses;

(c) parties -- all employees;

(d) court reporters at depositions;

(e) the Court and its support personnel, as well as trial jurors;

(f) deposition and trial witnesses who either (i) are an officer, director, partner, attorney, employee or agent of the producing party, or (ii) are entitled to be shown the document or information by reason of clause (b) or (c) above;

(g) non-party deposition or trial witnesses in the course of testifying or preparing to testify in this action and their counsel, or potential witnesses, and their counsel, but only to the least extent necessary to accomplish such testimony or preparation and provided that each such person is advised (on the record in the event that the witness is deposed) that he/she is bound and agrees in writing (by signing an acknowledgement in the form attached hereto as Exhibit A) to be bound by the terms of this Order; however, in the event that the witness objects to executing the acknowledgment, both parties agree to file a joint motion requesting the Court to order the witness to abide by the terms of this Order and no confidential materials shall be disclosed to such witness prior to the Court's resolution of the issue. The parties further agree that no documents will be disclosed to witnesses until this Order has been signed by the parties, and

(h) any other person as to whom the producing party agrees in writing.

4. Documents (and the contents thereof) and other information designated or "ATTORNEYS' EYES ONLY" may be disclosed only to:

(a) attorneys representing the parties, and their paralegal and clerical assistants;

(b) persons retained by the attorneys for a party as independent consultants and/or expert witnesses;

(c) court reporters at depositions;

(d) the Court and its support personnel, as well as trial jurors; and

(e) any other person as to whom the producing party agrees in writing.

5. Documents or answers to interrogatories shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by stamping or writing the appropriate legend on the document or interrogatory answers in question or by identifying the Bates numbers of the designated documents. Where only portions of a document or interrogatory answer are claimed to be confidential or for attorneys eyes only, the producing party shall designate the parts of said materials for which confidentiality treatment is claimed, and only those portions shall be subject to this Order.

6. All documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be so designated in a manner agreed upon by counsel or in such manner as is reasonable under the circumstances (e.g., by identifying the Bates numbers of the designated documents or page numbers of the designated deposition testimony, or by stamping the appropriate legend on copies of the designated documents or deposition transcript pages and delivering the copies to all opposing counsel of record).

7. This Order is without prejudice to the right of any part to apply at any time to the Court, on proper notice to counsel for the other party, for an order as follows: (a) for permission to disclose documents or other information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or information contained therein, to persons other than those described in paragraph 3 above; (b) for greater protection as to certain documents and information than provided herein; or (c) to strike or redesignate the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation as to particular documents or information. Until the Court rules on the receiving party's application, the documents and information in question shall not be disclosed by the receiving party to any persons other than those entitled to receive it under the designation that was previously in effect.

8. The provisions of this Order shall, absent written permission of the producing party or further order of the Court, continue to be binding after the conclusion of the above-referenced action. At the conclusion, the parties' counsel shall destroy or return all materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that were produced by the other party.

9. Nothing contained herein shall affect the rights of any party with respect to (a) information known to such party prior to disclosure by another party, (b) documents or information that are public knowledge, or (c) independently developed or received from any other source.

10. Nothing contained herein shall affect any obligations of any party under any other agreement or applicable law with respect to any documents or information belonging to or acquired from any other party.

11. Nothing contained herein shall affect the right of any party to produce or disclose to any federal, state or local governmental official or law enforcement authority any documents or information designated as "CONFIDENTIAL" or " ATTORNEYS' EYES ONLY" pursuant to this Order where such party has been served by such an authority with a subpoena calling for the production or disclosure of such documents or information, provided that such party has given the producing party prompt notice of such subpoena sufficiently in advance of any production or disclosure of such documents or information to enable to producing party to seek an appropriate protective order with respect to such subpoena.

12. Upon the designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" of any documents or other information produced by a non-party, the parties shall have the right to challenge the designation of such information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the provisions of paragraph 7 of this Order.

13. Any party's failure to challenge a designation of any document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order shall be without prejudice to the right of that party to contest the substantive legal status of such designated material as trade secret or confidential information.

14. The parties agree forthwith to submit this Stipulated Protective Order to the Court to be "So Ordered" and further agree that, prior to approval by the Court, this Stipulated Protective Order shall be effective as if approved.

SO ORDERED:

Dated: January 10, 2008

/s/ Joseph N. LaPlante
_____
Honorable Joseph N. Laplante

EXHIBIT A

ACKNOWLEDGEMENT

There is a lawsuit pending in the United States District Court, District of New Hampshire, entitled <u>Best Management Products, Inc. v. New England Fiberglass, L.L.C. and Mark Richardson</u>, Civil Action No. 07-CV-151-JL (the "Litigation").  Certain confidential material and/or information has been disclosed in discovery connected with the Litigation.  This material and/or information must be kept confidential.  Accordingly, it is important that you execute this acknowledgement, which has been agreed to by the parties to the Litigation and whose terms have been directed by the Court.

\* \* \* \* \*

I hereby acknowledge receipt of material and/or information alleged to be confidential by (party name).  I certify my understanding that such material and/or information is provided to me pursuant to the terms and restrictions of the Stipulated Protective Order (the "Order") in the Litigation.  I have been given a copy of and have read the Order, and I agree to abide by the terms of the Order as if I were a party thereto.  I understand that I am to make no copies of any of the material and that it is to remain in my personal custody only while actually engaged in activities necessary to my role as a witness or potential witness, and when these duties are completed I will return said material to counsel who provided it to me

I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

I agree not to disseminate or disclose to any person material and/or information designated confidential, except for purpose of the Litigation and as permitted by said Order or any further order in the Litigation.

{P0181178.1}

- 8 -

I agree not to use or disseminate the confidential documents or information for any business or competitive purposes.

I further agree that my signature constitutes my consent to the jurisdiction of the Court in the Litigation to enforce this instrument.

Dated this _____ day of _____, 20\_\_.

Name_____

Employer_____

Title_____